# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **KATHLEEN HARTER**, : | |
| 6580 Havens Road, : | |
| Blacklick, OH 43004, : | Civil Action No. |
| : | |
| Plaintiff, : | JUDGE |
| : | |
| vs. : | MAGISTRATE JUDGE |
| : | |
| **FRANKLIN COUNTY** : | JURY DEMAND ENDORSED HEREON |
| **DEPARTMENT OF SANITARY** : | |
| **ENGINEERS,** : | |
| 280 E Broad Street, Suite 201 : | |
| Columbus, Ohio 43215-4520 : | |
| : | |
| Defendant. : | |

## COMPLAINT

NOW COMES Plaintiff Kathleen "Katie" Harter ("Plaintiff") and proffers this Complaint for damages against Franklin County Department of Sanitary Engineers ("Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* ("ADA"), and the Ohio Laws Against Discrimination, O.R.C. Chapter 4112 ("Chapter 4112"), and 28 U.S.C. §1331 and §1343(4). This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the law of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

2. Venue is proper in this forum pursuant to 28 U.S.C. §1391 because the Defendant is based in Franklin County, Ohio and Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio.

## PARTIES

3. This action is brought by Kathleen "Katie" Harter. At all times material herein, Mr. Harter resided in the Southern District of Ohio and is a resident of Franklin County, Ohio.

4. Franklin County Department of Sanitary Engineers is a political subdivision. Defendant was Plaintiff's employer at all times material herein and has employed more than fifteen (15) people at all relevant times herein.

## FACTS

5. Plaintiff began her employment with Defendant on or about June 14, 2021, as a Finance Administrator.

6. At the beginning of Plaintiff's employment, Defendant permitted its employees to perform work either partially or fully remotely. Plaintiff performed her role fully remotely upon beginning work for Defendant.

7. Plaintiff is an individual with a disability. In or around January 2022, Plaintiff requested and was permitted to continue working from home full-time to accommodate her disability.

8. In or around August 2022, Defendant announced a new policy prohibiting all employees from working from home more than 40% of the employee's work schedule. This policy was set to go into effect in September 2022.

9. After the policy went into effect, Plaintiff's supervisor continued to approve Plaintiff's accommodation request allowing Plaintiff to excel in her position while working from home.

10. In or around late September 2022, Plaintiff's supervisor requested that Plaintiff provide high level medical documentation or support for her accommodation request.

11. Plaintiff provided her supervisor with a letter supporting her accommodation from her doctor in October.

12. In or around late November 2022, Defendant's Department of Human Resources required Plaintiff to have an official telework agreement on file in order to continue her accommodation to work from home. Plaintiff submitted the required form, and it was approved by Plaintiff's supervisor. Human Resources reversed the supervisor's approval, denying the accommodation because it was outside of Defendant's telework policy.

13. In or around early December 2022, Plaintiff provided Human Resources with the letter from Plaintiff's doctor and the medical questionnaire at Human Resources' request.

14. In or around January 2023, Human Resources, again, denied Plaintiff's accommodation. Human Resources offered an alternative accommodation, but it did not properly accommodate Plaintiff's disability.

15. In or around late February 2023, Human Resources confirmed that Plaintiff was not permitted to work from home and was required to return to work full-time or she would be put on a medical leave of absence through the Family and Medical Leave Act.

16. In or around March, Plaintiff was placed on an unpaid medical leave of absence.

17. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on or about June 20, 2023. In the Charge, Plaintiff alleged that she had been discriminated against on the basis of her disability and that Defendant had failed to accommodate her in violation of the Americans with Disabilities Act.

18. On June 26, 2023, Plaintiff was served with a notice of discipline that stated her agency was requesting her removal.

19. On July 7, 2023, Plaintiff attended a hearing related to her disciplinary notice. Plaintiff presented evidence before and during the hearing related to her disability and accommodation request.

20. On August 16, 2023, Plaintiff was informed that her employment with Defendant was terminated.

21. At all times material herein, Defendant acted willfully, maliciously and in conscious and/or reckless disregard for Plaintiff's rights, with great probability that its acts and omissions would cause substantial harm to Plaintiff.

22. As a direct and proximate result of Defendant's acts and omissions described herein, Plaintiff has suffered from substantial harm, including lost compensation, lost benefits, other economic losses and has suffered from severe emotional distress. Plaintiff expects to suffer emotional, economic, and other damages in the future.

23. Plaintiff filed two charges of discrimination with the Equal Employment Opportunity Commission: Charge 532-2023-02941; and, Charge 532-2023-03683. Plaintiff has complied with all jurisdictional prerequisites to the filing of this lawsuit and this Complaint is filed within ninety (90) days of Plaintiff's receipt of the notices of right-to-sue letters from the Equal Employment Opportunity Commission, copies of which are appended hereto as Exhibit A.

**FIRST CAUSE OF ACTION**

**(Disability Discrimination – Americans with Disabilities Act)**

24. All of the preceding paragraphs are realleged as if fully rewritten herein.

25. This claim is brought under federal law, pursuant to 42 U.S.C. § 12101, *et seq.*, and as defined in 42 U.S.C. § 12101.

26. Plaintiff is an otherwise qualified individual.

27. Defendants knew or had reason to know Plaintiff suffered from a disability, and/or regarded her as disabled.

28. Plaintiff is substantially limited in her ability to perform several major life functions and/or Defendant perceived Plaintiff's medical condition substantially limited her ability to perform major life functions.

29. Defendant was aware of the difficulties suffered by Plaintiff as a result of her disability.

30. Defendant discriminated against Plaintiff because of her disability by taking the following non-exhaustive list of actions: failing to engage in a good faith interactive process concerning Plaintiff's proposed accommodations, retaliating against her for filing a charge with the EEOC, placing Plaintiff on unpaid leave, terminating Plaintiff's employment, and/or by otherwise discriminating against her in the terms, privileges, and conditions of employment.

31. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

32. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## SECOND CAUSE OF ACTION

### (Failure to Accommodate – Americans with Disabilities Act)

33. All of the preceding paragraphs are realleged as if fully rewritten herein.

5

34. This claim is brought under federal law, pursuant to 42 U.S.C §12101, *et seq.,* and as amended.

35. At all times relevant herein, Plaintiff was disabled, as defined in 42 U.S.C. §12102.

36. Defendant was aware of Plaintiff's disability.

37. Plaintiff was an otherwise qualified individual with a disability, in that she satisfied the prerequisites for the position of Finance Administrator and could perform the essential functions of such position with or without accommodation.

38. Plaintiff requested reasonable accommodation for her disability.

39. Such reasonable accommodation was possible for the Defendant to provide.

40. Defendant violated the ADA, 42 U.S.C. §12101, *et seq.,* and as amended, by failing to accommodate Plaintiff's disability, by failing to engage in a good faith interactive process concerning Plaintiff's proposed accommodations, retaliating against Plaintiff for requesting an accommodation, placing Plaintiff on unpaid leave, and terminating Plaintiff's employment.

41. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

42. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## **THIRD CAUSE OF ACTION**

### **(Disability Discrimination – O.R.C. §4112.02)**

43. All of the preceding paragraphs are realleged as if fully rewritten herein.

44. This claim is brought under Ohio law.

45. At all times material herein, Plaintiff suffered from an impairment within the meaning of Section 4112.01(A)(16) of the Ohio Revised Code.

46. At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of Section 4112.01(A)(13) of the Ohio Revised Code.

47. Defendant knew Plaintiff was disabled.

48. Defendant was aware of the difficulties suffered by Plaintiff as a result of her disability.

49. Plaintiff's disability caused her severe difficulties with working in the office.

50. Defendant discriminated against Plaintiff because of her disability by taking the following non-exhaustive list of actions: failing to accommodate her disability, retaliating against her, placing her on unpaid leave, terminating her employment, and/or by otherwise discriminating against her in the terms, privileges, and conditions of employment.

51. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering and the loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

52. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## FOURTH CAUSE OF ACTION

### (Failure to Accommodate – O.R.C. §4112.02)

53. All of the preceding paragraphs are realleged as if fully rewritten herein.

54. This claim is brought under Ohio law.

55. At all times material herein, Plaintiff suffered from an impairment within the meaning of Section 4112.01(A)(16) of the Ohio Revised Code.

56. At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of Section 4112.01(A)(13) of the Ohio Revised Code.

57. Defendant was aware of Plaintiff's disability.

58. Plaintiff requested reasonable accommodation for her disability.

59. Such reasonable accommodation was possible for Defendant to provide.

60. Defendant violated O.R.C. §4112.02, by failing to accommodate Plaintiff's disability, by failing to engage in a good faith interactive process to determine an objectively reasonable accommodation for her disability, placing Plaintiff on unpaid leave, and terminating Plaintiff's employment.

61. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering and the loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

62. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## FIFTH CAUSE OF ACTION

**(Retaliation – Americans with Disabilities Act)**

63. All of the preceding paragraphs are realleged as if fully rewritten herein.

64. This claim is brought under federal law, pursuant to 42 U.S.C §12101, *et seq,* as amended.

65. Plaintiff engaged in a protected activity by requesting reasonable accommodation for her disability and filing a charge with the EEOC.

66. Defendant knew that Plaintiff engaged in such protected activity.

67. Once Plaintiff engaged in the aforementioned protected activity, Defendant purposefully retaliated against her by engaging in the following non-exhaustive list of actions: declining to engage in a good faith interactive process concerning Plaintiff's proposed accommodations, refusing to provide Plaintiff reasonable accommodation, forcing Plaintiff to take an unpaid medical leave of absence after she requested reasonable accommodation, and terminating Plaintiff's employment.

68. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering and the loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

69. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

**SIXTH CAUSE OF ACTION**

**(Retaliation – O.R.C. §4112.02)**

70. All of the preceding paragraphs are realleged as if fully rewritten herein.

71. This claim is brought under Ohio law.

72. Plaintiff engaged in a protected activity by requesting reasonable accommodation for her disability and filing a charge with the EEOC.

73. Defendant knew that Plaintiff engaged in such protected activity.

74. Once Plaintiff engaged in the aforementioned protected activities, Defendant purposefully retaliated against her by engaging in the following non-exhaustive list of actions: declining to engage in a good faith interactive process concerning Plaintiff's proposed accommodations, refusing to provide Plaintiff reasonable accommodation, forcing Plaintiff to take a medical leave of absence after she requested reasonable accommodation, and terminating Plaintiff's employment.

75. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering and the loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

76. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff respectfully requests that she be awarded back pay and benefits, reinstatement or front pay and benefits, pre-judgment interest, post-judgment interest, compensatory damages, punitive damages, liquidated damages, attorneys' fees, expert witness fees and costs of this action, and any other relief which the Court deems just and appropriate.

Respectfully submitted,

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)
(Greg@MansellLawLLC.com)
Carrie J. Dyer (0090539)
(Carrie@MansellLawLLC.com)
Rhiannon M. Herbert (0098737)
(*Rhiannon@MansellLawLLC.com*)
**Mansell Law, LLC**
1457 S. High St
Columbus, Ohio 43207
Telephone: (614) 796-4325
Fax: (614) 547-3614

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of eight (8) persons.

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)