IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KATHLEEN HARTER,**

    **Plaintiff,**

  v.                                     Civil Action 2:23-cv-2995
                                         Judge Edmund A. Sargus
                                         Magistrate Judge Kimberly A. Jolson

**FRANKLIN COUNTY BOARD
OF COMISSIONERS, et al.,**

    **Defendants.**

## ORDER

This matter is before the Court on the parties' Second Joint Motion to File Documents Under Seal (Doc. 26). For the following reasons, the Motion is **GRANTED in part** and **DENIED in part**.

**I.    STANDARD**

Courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Id.* (quoting *Brown & Williamson*, 710

F.2d at 1179); *see also id.* ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Id.* at 308 (citation and quotations omitted). "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury . . . And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). If there is a compelling reason, "the party must then show why those reasons outweigh the public interest in access to those records." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp. Inc.*, 825 F.3d at 305). The court "that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp., Inc.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176).

In sum, to overcome "the strong presumption in favor of openness," parties who move to seal documents must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash*, 767 F. App'x at 637.

**II.    DISCUSSION**

Plaintiff alleges that Defendants discriminated against her because of her disability, failed to accommodate her, and retaliated against her in violation of the Americans with Disabilities Act

("ADA"), 42 U.S.C. § 12101, *et seq.*, and Ohio state law. (Doc. 8 at 1, 4–10). Relevant here, on August 28, 2024, in anticipation of their dispositive motion deadline, the parties filed a joint request to seal Plaintiff's deposition transcript and several accompanying exhibits. (Doc. 17). Because the motion did not comply with the requirements of *Shane Group*, the Court denied it without prejudice and ordered the parties to re-file their motion within seven days. (Doc. 18). On August 30, the parties filed their dispositive motions, and the Court extended "the deadline to submit evidence supporting [the] motions . . . until the Court has resolved the question of whether [Plaintiff's] deposition transcript and exhibits may be filed under seal." (Doc. 23).

Now, in their revised motion, the parties move to redact portions of Plaintiff's deposition, as well as Exhibits 13 and 16 of that deposition. (Doc. 16 at 2–3). They also ask to seal Exhibits 3, 17, and 18 of the deposition entirely. (*Id.*). The Court addresses each group of materials in turn.

### A. Plaintiff's Deposition

The parties wish to redact parts of the following pages of Plaintiff's deposition transcript: 51, 52, 57, 69, 70, 73, 74, 113, 114, 116, 117, 124, 125, 126, 127, and 172. (Doc. 26 at 3). The parties assert the proposed redactions are needed to protect Plaintiff's privacy because these pages of the transcript "refer to [Plaintiff's medical] diagnoses or discuss her medical records." (*Id.*). But many of these redactions are unnecessary. Put simply, Plaintiff filed much of the information contained in the redactions in her Motion for Summary Judgment. (Doc. 22). For instance, on pages 51 and 52, the parties redact Plaintiff's diagnoses and her accompanying symptoms. But Plaintiff cites these pages, lists her diagnoses, and discusses her symptoms in her unsealed motion for summary judgment. (Doc. 22 at 3 (listing diagnoses of migraines, fibromyalgia, and chronic fatigue syndrome), 15–16 (describing symptoms)). The same is true for the information provided on pages 57, 69, 70, 73, 74, 113, 114, 116, 117, and 172. (*See, e.g.*, *id.* at 3 (listing diagnoses also

discussed at deposition pages 69, 73, and 113), 8 (discussing information included in Exhibit 16 and on pages 116 and 117 of Plaintiff's deposition), 15–16 (summarizing information also included on pages 57, 69, 70, 73, 74, 113, 114, and 172 of the deposition)). At base, Plaintiff has "no compelling interest" in redacting information that is "already publicly available." *S.R.X. v. Fleming*, No. 3:20-cv-126, 2020 WL 12991127, at *3 (W.D. Ky. Apr. 24, 2020). As a result, the Court **DENIES** the parties' request to redact pages 51, 52, 57, 69, 70, 73, 74, 113, 114, 116, 117, and 172.

Yet the Undersigned finds the proposed redactions on pages 124, 125, 126, and 127 require a different result. These portions discuss details from medical records that the parties also move to seal in their entirety. (*See generally* Docs. 21, 22). Sealing medical records "is in accordance with the strong public policy of HIPAA and Ohio Revised Code Section 2317.02(B) of protecting patient information." *Harrison v. Scott*, 2:18-cv-1023, 2021 WL 2438858, at *2 (S.D. Ohio June 15, 2021). And "[c]ourts have recognized a person's interest in the privacy of their health information as a legitimate basis for sealing." *Hines v. Humana Ins. Co.*, No. 1:21-cv-409, 2023 WL 2562723, at *2 (S.D. Ohio Mar. 17, 2023) (sealing plaintiff's medical records in an employment discrimination case); *see also Harrison*, 2021 WL 2438858, at *2 (sealing a plaintiff's medical records). Therefore, Plaintiff has a compelling interest in the non-disclosure of the information discussed in these pages. What's more, because Plaintiff's diagnoses and symptoms are discussed elsewhere, the public can understand the nature of her discrimination claims without these redacted portions. Additionally, this request is narrowly tailored, as the proposed redactions are mere sentences of Plaintiff's deposition. *In re E.I. Du Pont de Nemours and Co. C-8 Personal Injury Litig.*, No. 2:13-md-2433, 2:18-cv-136, 2019 WL 3208711, at *1 (S.D. Ohio July 16, 2019) (finding a request to redact lines from a deposition was "no broader than necessary" to protect

medical information). In sum, the Court **GRANTS** the proposed redactions on pages 124, 125, 126, and 127 of Plaintiff's deposition.

      **B.**      **Exhibits 13 and 16**

The parties also seek to redact parts of Exhibits 13 and 16 to Plaintiff's deposition. But once more, most of this information is available on the public docket.

To start, in Exhibit 13, the parties move to redact two blocks of information. The first lists a referral to another medical provider, which the parties seemingly do not cite in their dispositive motions. (*See generally* Docs. 21, 22). As discussed, Plaintiff has a compelling interest in shielding her medical information, and the public does not need to view this referral to understand the events underlying this lawsuit. *Bodenhamer v. Metro. Life Ins. Co.*, No. 1:20-cv-221, 2021 WL 6275231, at *1 (E.D. Tenn. Feb. 2, 2021) (discussing that the court has allowed medical information to be sealed when it was not "directly relevant to the issues in the cases"). Further, the proposed redaction hides only two words. Consequently, the request is narrowly tailored to protect Plaintiff's private health information, and the Court **GRANTS** this proposed redaction.

But the other redaction discusses only Plaintiff's symptoms and diagnoses, which she includes in her summary judgment motion. (*Compare* Exhibit 13, No. 4 (discussing Plaintiff's diagnosis of long COVID syndrome and related symptoms) *with* Doc. 22 at 15–16 (listing Plaintiff's long COVID diagnosis and her symptoms of fatigue and shortness of breath)). Because this information is publicly available, Plaintiff has no compelling interest in its non-disclosure, *S.R.X.*, 2020 WL 12991127, at *3, and these proposed redactions are **DENIED**. Similarly, the proposed redactions for Exhibit 16 also contain details Plaintiff already disclosed. (*Compare* Exhibit 16 (listing diagnoses of fibromyalgia, post-COVID syndrome, and migraines and

discussing related symptoms) *with* Doc. 22 at 15–16 (same)). So, these redactions, too, are **DENIED**.

      **C.**    **Exhibits 3, 17, and 18**

Finally, the parties move to seal three medical records in their entirety: Exhibits 3, 17, and 18 of Plaintiff's deposition. (Doc. 26 at 3–4). Again, the parties argue that Plaintiff's right to privacy outweighs any interest the public might have in accessing these records. (*Id.* at 4–5). The Court agrees. As stated, Plaintiff has a compelling interest in the non-disclosure of her medical records. *See Hines*, 2023 WL 2079520, at *2 (collecting cases where courts found private health information warranted sealing or redacting); *Bodenhamer*, 2021 WL 6275231, at *2 (noting that "wholesale public access to Plaintiff's medical records is a significant invasion of privacy and personal dignity"). Here, enough information is otherwise available for the public to understand the basis for her claims and her disabilities. *See Doe v. Plymouth-Canton Cmty. Sch.*, No. 19-10166, 2021 WL 5541939, at *2 (E.D. Mich. Jan. 12, 2021) (allowing a minor plaintiff's medical information to be sealed where the public did not need to view it "to comprehend the events giving rise to [the] dispute" or the arguments made by the parties). What's more, these records contain other personal identifiers, like Plaintiff's address and telephone number. And practically, these exhibits cannot be redacted, as they are filled with Plaintiff's medical information, some of which is not relevant to this case. *Id.* (noting a letter would be "rendered illegible" if all medical information was redacted). As such, the Court finds this request is narrowly tailored and **GRANTS** the parties' motion to seal these exhibits.

**III.**    **CONCLUSION**

For these reasons, the parties' Motion to Seal (Doc. 26) is **GRANTED in part** and **DENIED in part**. Within seven days of the date of this Order, the parties are **ORDERED** to file

the unredacted deposition and exhibits **under seal** and to file the redacted versions on the public docket.  The parties need not include Exhibits 3, 17, or 18 in the public docket filing.

    IT IS SO ORDERED.


Date:  September 11, 2024                                           /s/ Kimberly A. Jolson
                                                                                  KIMBERLY A. JOLSON
                                                                                  UNITED STATES MAGISTRATE JUDGE